**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **GREYHOUND LINES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **8:02CV191** |
| **vs.** | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| **ROBERT WADE and ARCHWAY** | ) | **(Damages)** |
| **COOKIES, L.L.C. d/b/a SPECIALTY** | ) | |
| **FOODS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

A final pretrial conference was held in chambers on October 24, 2005. At that time, it was determined that the damages phase of this case would be submitted to the court by stipulation, without a jury trial. Plaintiff's exhibit no. 7, a Stipulation on Damages Issues (Filing 175), was received and a briefing schedule entered. The parties have submitted briefs (Filings 172, 176 & 177) on the issue of whether Greyhound is entitled to a loss of use award.

The Stipulation includes a provision to the effect that the court should not enter a final judgment in this case until a settlement agreement incorporating a special needs trust is approved by the Social Security Administration and judgment entered in related case 8:03CV79, *Johnson v. Wade*. The parties were ordered to file briefs or any other appropriate submissions by February 23, 2006 explaining why the court should defer entering a final judgment in this case. Since no responsive briefs or submissions were filed, the court will proceed to final judgment.

## I.  DAMAGES FOR LOSS OF USE

The parties have stipulated that it cost $135,389.39 to repair plaintiff's bus, and this

cost was less than the difference in the value of the bus immediately before the collision

when compared to its reduced value immediately thereafter.  Plaintiff ("Greyhound") seeks

an award of $12,439.26[1] in damages for loss of use of its bus.  The accident occurred on

August 22, 2000, repairs began on June 11, 2001, and repairs were completed on October 9,

2001.

Defendants object to the allowance of damages for loss of use on the ground that no

damages were actually incurred because Greyhound had other buses owned or controlled by

it and available for its use during the relevant time period.  (Filing 175 at ¶ 7).

In *Husebo v. Ambrosia, Ltd.*, 204 Neb. 499, 502, 283 N.W.2d 45, 47 (1979), the

Nebraska Supreme Court addressed the issue of "how to measure the reasonable value of the

use of [a] motor vehicle injured while it is being repaired with ordinary diligence."  The

vehicle at issue in *Husebo* was a "pleasure vehicle" owned by the plaintiff and was not a

rental vehicle.  The court held that the defendant was required to reimburse the plaintiff for

---

[1]The parties stipulated to an amount of $12,439.26.  At page 2 of its brief (Filing 172), Greyhound explains that the bus in question was under a long-term lease along with 20 other buses from the same lessor, each with a monthly charge of $3,109.80.  The $12,439.26 figure was calculated by multiplying the corresponding daily lease charge by 122 days.  Although the bus was out of service for over a year, the 122-day figure was derived for the repair time by dividing the total labor time of 975.5 hours required for repair by eight hours to obtain the number of complete work days needed to accomplish the repairs.  Since 122 days is slightly more than four 30-day months, the parties stipulated to a value equal to four months of the lease charge. Multiplying $3,109.80 per month by four months yields a total of $12,439.20.

costs incurred in the rental of substitute motor vehicles while the plaintiff's personal vehicle

was unusable or being repaired.  Relying largely on the court's holding in *Husebo* that "the

correct measure [of damages for loss of use] is that amount which does not exceed either the

fair rental value of a vehicle of like or similar nature and performance for a reasonable length

of time, or the amount actually paid, whichever is the least," defendants  appear to contend

that Greyhound was required to rent yet another bus in order to recover "loss of use" damages

for the rental payments Greyhound was already required to make on the damaged bus.

In *Chlopek v. Schmall*, 224 Neb. 78, 88, 396 N.W.2d 103, 110 (1986), the Nebraska

Supreme Court departed from its earlier rulings limiting loss of use damages.  The court

observed,

> Compensation for injuries sustained as to the measure of recovery means *full* compensation, an amount that will make the damaged party whole. Denying loss of use damages as a matter of law thwarts this fundamental principle. Therefore, our rules are modified as follows:

> Where the damage to personal property can, at a reasonable cost, be repaired and the property restored to substantially its condition immediately before the damage occurred, and the cost of repair does not exceed the difference in market value of the property before and after the injury, then the measure of damages is the reasonable cost of repair plus the reasonable value of the loss of use of the property for the reasonable amount of time required to complete the repair.

(Emphasis in original).  The *Chlopek* decision expressly overruled prior cases to the extent

the prior cases  would limit the total compensation for damage to personal property to the fair

market value of the property immediately before the injury.  *Id*. at 89, 396 N.W.2d at 110.

-3-

The court can find no Nebraska precedent that specifically addresses an award of damages for loss of the use of a rented vehicle. The *Chlopek* opinion, 224 Neb. at 89, 396 N.W.2d at 110, quoted with approval the statement in *Husebo* that "[t]he reasonable value of the loss of use of personal property is generally the fair rental value of property of a like or similar nature or the amount actually paid for rental, whichever is less." *Chlopek v. Schmall* expressly authorizes an award of damages for loss of use of a vehicle "for the reasonable amount of time required to complete the repair." The decision does not expressly require an injured party to lease a substitute vehicle in order to recover damages, although the fair rental value of a similar vehicle may be used to measure damages. In light of the *Chlopek* court's statement that "[c]ompensation for injuries sustained as to the measure of recovery means *full* compensation, an amount that will make the damaged party whole," 224 Neb. at 89, 396 N.W.2d at 110, I do not believe the Nebraska Supreme Court would require Greyhound to lease a substitute bus in order to recover the value of rental payments it was already required to make on the damaged leased bus.

Simply, the bus leased by Greyhound was damaged as a result of defendants' negligence. Greyhound is entitled to recover damages for loss of use of this vehicle for the reasonable amount of time required to complete the repair. In this regard, Greyhound is entitled to recover "*full* compensation, an amount that will make the damaged party whole." Under the circumstances presented in this case, Greyhound was not required to lease a substitute bus in order to recover the rental payments it was already required to make on the

damaged leased bus, and the court finds that Greyhound is entitled to damages for loss of use in the stipulated amount of  $12,439.26.

## II.  DAMAGES TO BE AWARDED

Having determined that Greyhound is entitled to recover damages for loss of use of its rental vehicle, the parties' Stipulation (Filing 175) is approved and adopted, as follows:

1.  Greyhound paid to or for the benefit of the passengers aboard the Greyhound bus the total sum of $221,825.64 for damages claims by said passengers as the proximate result of the collision at issue in this proceeding.

2.  The fair and reasonable cost to repair the Greyhound bus was $135,389.39.  The cost to repair the Greyhound bus was less than the difference in the value of the bus immediately before collision when compared to its value immediately thereafter, as the value of the bus immediately before collision was reduced by the damages sustained in the collision.

4.  Repair of the damage to the Greyhound bus occurred during the period from June 11, 2001 through October 9, 2001, and the fair and reasonable value of the loss of the use of that bus as a result of the collision is the total sum of $12,439.26.

5.  Defendants, through their agents, paid $1,258,165.33 to or for the benefit of the passengers aboard the Greyhound bus at the time of the collision, said payments being for damages claimed by the passengers as the proximate result of the collision.  The total amount of these payments and the payments to or for each passenger are fair and reasonable

payments for the economic and non-economic damages sustained by the passengers as the

proximate result of the collision.

    6.  The total amount of damages incurred in this matter is:

| $ | 1,258,165.33 | paid by defendants to passengers |
|---|---|---|
| | 221,825.64 | paid by plaintiff to passengers |
| | 135,389.39 | cost to repair the Greyhound bus |
| | 12,439.26 | loss of use of the Greyhound bus |
| $ | 1,627,819.62 | TOTAL |

    7.  Pursuant to Neb. Rev. Stat. § 25-21,185.09 (Reissue 1995) and the MEMORANDUM

AND ORDER filed on November 30, 2004 (Filing 152), the court has determined that eighty-

five (85) percent of the negligence should be attributed to the defendants and fifteen (15)

percent of the negligence should be attributed to the plaintiff.  The total amount of payments

made to or for the benefit of the passengers should be apportioned between Greyhound and

defendants in accordance with that determination, with the amount of payments made to or

for passengers to be awarded, credited or set-off.  Accordingly,

    a.  Plaintiff is liable for 15% of the total damages incurred, i.e., $244,172.94,

    b.  Defendants are liable for 85% of the total damages incurred, i.e., $1,383,646.68,

    c.  Defendants are entitled to a credit or setoff of $1,258,165.33

    d.  Defendants are liable to plaintiff in the remaining amount of $125,481.35.

Pursuant to this Memorandum and Order, judgment will be entered in favor of the plaintiff and against the defendants in the net amount of $125,481.35.

**IT IS SO ORDERED.**

**DATED February 28, 2006.**

> **BY THE COURT:**
>
> **s/ F.A. Gossett**
> **United States Magistrate Judge**